IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVIA M. SCOTTO, *et al.*, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1176 |
| | : | |
| CREDIT SUISSE, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**MCHUGH, J.**                                                                                                           May 3, 2022

      Plaintiff Livia M. Scotto, proceeding *pro se*, initiated this civil action by submitting a Complaint (ECF No. 1) to the Clerk of Court on or about March 15, 2022. Scotto also filed a Motion for Order of Production of the Record Transcripts (ECF No. 3) and a Motion to Extend Time to Send Fees, Emergency Motion to Retain Counsel (ECF No. 4). As set forth below, in order to proceed with this case, Scotto is directed to within thirty (30) days: (1) either pay the $402 filing fee in this matter or file a motion to proceed *in forma pauperis*; **and** (2) file an amended complaint .

**I.**      **PROCEDURAL HISTORY & SCOTTO'S 2021 CASE IN THIS DISTRICT**

      Ms. Scotto's Complaint is a forty-three (43) page type-written document with an attached exhibit that is an additional thirty-seven (37) pages in length. (*See* Compl. at 1-43; Exhibit (ECF No. 1-1) at 1-37.)[1] Scotto filed the Complaint without paying the fees to commence a civil action or filing a motion to proceed *in forma pauperis*.[2]

---

[1] The Court adopts the pagination assigned to the Complaint and the attached Exhibit by the CM/ECF docketing system.

[2] Three other names appear in the caption of the Complaint as Plaintiffs in this matter: (1) Carmela A. Sciabarra; (2) Angel V. Scotto Sciabarra; and (3) Marley V. Scotto – Sciabarra. (Compl. at 2.) None of these individuals signed the Complaint, nor did they pay the filing fee or

This is not Scotto's first lawsuit in this District. Ms. Scotto's prior case, assigned to the Honorable Wendy Beetlestone for review in 2021, is captioned *Scotto v. Socieite Anonyme, et al.*, (hereinafter, "*Scotto I*") Civ. A. No. 21-0089. *Scotto I* also began with the submission of a complaint to the Clerk of Court without either the payment of the required $402 filing fee or, alternatively, a motion for leave to proceed *in forma pauperis*. In *Scotto I*, Judge Beetlestone attempted to remedy this deficiency by issuing an order directing Scotto to pay the fee or seek leave to proceed *in forma pauperis* within thirty (30) days. *Scotto v. Socieite Anonyme*, No. 21-0089, 2021 WL 1599700, at *1 (E.D. Pa. Apr. 23, 2021). Rather than comply with Judge Beetlestone's order, Scotto went on to submit thirty-one (31) separate filings, none of which were responsive to the directive to pay the fee or file an *in forma pauperis* application. *Id.* In light of Scotto's continued non-compliance, Judge Beetlestone dismissed *Scotto I* for failure to prosecute and closed the case when Scotto failed to pay the filing fee or file a motion to proceed *in forma pauperis*. *Id.* Judge Beetlestone's dismissal of *Scotto I* spawned a litany of additional filings by Scotto – approximately forty-three (43) submissions in less than two months. *Id.*

---

seek leave to proceed *in forma pauperis*. The Court notes that "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("Osei-Afriyie, a non-lawyer appearing pro se, was not entitled to play the role of attorney for his children in federal court"). "The federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). Accordingly, because Scotto is appearing *pro se* and is not an attorney, she may not bring claims on behalf of these individuals. As set forth herein, Scotto's Complaint will be dismissed and she will be granted leave to file an amended complaint in this action. If any of these additional Plaintiffs seek to join this lawsuit, they may do so by: (1) signing any amended complaint filed in this case; and (2) filing individual motions for leave to proceed *in forma pauperis*.

Despite her persistent and continuous submission of new filings, Scotto did not pay the required filing fee or file a motion to proceed *in forma pauperis* at any point in time in *Scotto I*. *Id.*

Judge Beetlestone, however, recognized that Scotto's continued filings, coupled with the filing of a Notice of Appeal, "evidence[d] an intent by Scotto to prosecute" her case in *Scotto I*, and Judge Beetlestone ultimately reopened the matter and undertook a review of Scotto's complaint. *Id.* at * 2. Judge Beetlestone observed that the complaint in *Scotto I* was "disorganized, confusing, repetitive, disjointed, and essentially incomprehensible." *Id*. Judge Beetlestone went on to explain that the complaint in *Scotto I* represented "a laundry list of random legal terms combined with the names of various courts as well as the names of various entities or businesses, both domestic and international" that failed to "provide any context, details, or supporting facts regarding the alleged harm for which" Scotto sought relief. *Id.* Judge Beetlestone ultimately concluded that Scotto's complaint "fail[ed] to assert any intelligible legal claims related to any . . . alleged harm." *Id.* Having reviewed over 70 separate filings that Scotto submitted in *Scotto I*, amounting to hundreds of pages of documents, Judge Beetlestone also recognized a clear pattern in Scotto's filings – namely that her filings were "unintelligible, incomprehensible, and most importantly, nonresponsive to the Court's original directive to pay the filing fee in this case or file a motion to proceed *in forma pauperis*." *Id.* at *3.

## II.    STANDARD OF REVIEW AND DISCUSSION

As Judge Beetlestone previously explained in *Scotto I*, all parties instituting a civil action in a district court, must pay a filing fee of $350 and an administrative fee of $52. *See* 28 U.S.C. § 1914(a); (b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). However, the additional fee does not apply to persons granted leave to proceed *in forma pauperis*. An action may proceed despite a plaintiff's failure to prepay the entire fee only if she

is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Here, Scotto has not paid the required filing fee or sought leave to proceed *in forma pauperis* at this time. Scotto has, however, filed additional motions – at least one of which seems to indicate some understanding that she is required to pay a filing fee in this case or seek leave to proceed in forma pauperis. (*See* ECF No. 4-1 at 1) (email from Scotto submitting a "Motion to Extend Time to Send Fees").

Unfortunately, like the Complaint in *Scotto I*, Scotto's Complaint in this action (ECF No. 1) also does not meet the requirements of the Federal Rules of Civil Procedure, and therefore cannot proceed in its present form. Specifically, Scotto's Complaint does not comply with the requirements of Federal Rules of Civil Procedure 8 and 10. To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019); *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40,

42 (2d Cir. 1988)).  "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs.  *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

A side-by-side comparison of the complaint in *Scotto I* and the Complaint Scotto filed in this action – approximately a year later – reveals that multiple portions of these submissions are virtually identical, including the repeated changes in the size and type of font used from page to page.  Moreover, any substantive differences between these documents are extremely difficult to discern because neither document contains enough complete sentences or sufficient factual allegations.  Judge Beetlestone's assessment of the complaint in *Scotto I* is equally applicable to the Complaint in this matter.  That is to say, even the most liberal reading of Scotto's Complaint reveals that it is, like all of her prior filings, disorganized, confusing, repetitive, disjointed, and essentially incomprehensible.  Scotto's Complaint does not clearly identify a defendant, does not allege any legal basis for her claims, and does not set forth facts or claims in numbered paragraphs.  Nor does she allege any facts asserting a basis for the Court's jurisdiction.  Like the complaint and her other seventy-plus filings in *Scotto I*, Scotto's Complaint in this case again consists of a laundry list of random legal terms, the names of various courts, the names of various entities or businesses, and several individuals.  The Complaint does not provide any context, details, or supporting facts regarding the alleged harm for which she now seeks redress.  Scotto also fails to assert any intelligible legal claims.  The "true substance" of Scotto's Complaint is extremely "well disguised" here.  *See Garrett*, 938 F.3d at 94.  Accordingly, the Court will dismiss Scotto's Complaint for failure to comply with Rule 8.

However, cognizant of Scotto's *pro se* status, the Court will permit her an opportunity to amend her pleading with thirty (30) days to "flesh out" her allegations and give her an

opportunity to explain "the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). The Court strongly encourages Scotto to utilize the Court's standard form complaint[3] to draft her amended pleading in order to help clarify the parties in this case, the nature of the legal claims, and the factual allegations in support of those claims. Additionally, Scotto is strongly encouraged to utilize the form complaint in order to properly set forth a basis for the Court's jurisdiction. Scotto may attach additional pages or exhibits as she deems necessary to support her filing.

Although the Court will grant Scotto leave to amend, the Court is compelled, much like Judge Beetlestone did in *Scotto I*, to remind Ms. Scotto "that litigation is serious business to be undertaken carefully and thoughtfully."[4] *Harvey v. United States*, 149 Fed. Cl. 751, 775 (2020),

---

[3] Scotto can obtain a blank copy of the Court's form complaint on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmcgenf.pdf. Scotto is reminded that her amended complaint must comply with Federal Rules of Civil Procedure 8 and 10 by clearly setting out the names of the parties in the caption.

[4] This Court takes judicial notice of Scotto's prior litigation history in various District Courts throughout the country that Judge Beetlestone previously set forth in detail in *Scotto I*:

> In January of 2020, the Honorable Margo K. Brodie, United States District Judge for the Eastern District of New York, explained that Scotto "has a long history of filing similar [*i.e.*, incomprehensible and incoherent] actions in other courts[.]" *Scotto v. Hawaii*, Civ. A. No. 19-5167, 2020 WL 353141, at *3 (E.D.N.Y. Jan. 21, 2020). Judge Brodie noted that Scotto had previously filed "over fifty cases in federal courts" including thirteen in the Eastern District of New York alone, and that Scotto "is the subject of several filing injunctions" in the United States District Courts for the Middle District of Florida, the Southern District of New York, and the District of Hawaii. *Id.* at *3, n. 1 & 2. Judge Brodie went on to recognize that Scotto had "inundated the Court with hundreds of pages of papers that are nonsensical and appear to have no relevance to any claims. These papers often refer to other federal courts and are submitted with no page numbers and in no discernable order." *Id.* at *3. Due to the "many hours of . . . time [required] to review these documents[,]" Judge Brodie cautioned Scotto that she would no longer "be allowed to continue to

*aff'd*, 845 F. App'x 923 (Fed. Cir. 2021).  This Court "'and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants.'"  *Id.* (citing *Constant v. United States*, 929 F.2d 654, 659 (Fed. Cir. 1991)).  Despite Judge Beetlestone's prior warning, it appears that Scotto may once again "be treading down the same path in this litigation that she has followed in prior federal litigation before other District Courts" because her "filings . . . are unintelligible, [and] incomprehensible[.]"  *Scotto I*, 2021 WL 1599700, at *3.  In many of her prior actions, including *Scotto I*, Scotto has been made aware that the Court retains inherent power to place reasonable restrictions on her ability to file in the future.  Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation."  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  Accordingly, if she seeks to proceed in this action, Scotto is directed to: (1) either pay the $402 filing fee in this matter or file a motion to proceed *in forma pauperis*; **and** (2) file an amended complaint  within thirty (30) days.

Ms. Scotto has a well-established pattern of submitting lengthy, disorganized, confusing, repetitive, and incomprehensible documents that consist of a laundry list of names of individuals and entities interspersed with citations to unrelated statutes and peppered with legal terms – none of which are tied together in any discernable way to present a legal claim for relief.  The Court

---

submit reams of papers and other documents that have no relevance to any claim."  *Id.*  Ultimately, Judge Brodie also issued a filing injunction against Scotto on March 10, 2020 – the fourth such injunction against her – and the Clerk of Court for the Eastern District of New York enjoined Scotto from filing new actions in that Court without first obtaining permission.  *See Scotto v. State of Hawaii, et al.*, Civ. A. No. 19-5167, (E.D.N.Y.) (ECF Nos. 9 & 10).

*Scotto*, 2021 WL 1599700, at *1.

will not tolerate a continuation of this pattern. Future submissions by Ms. Scotto that exhibit this pattern, particularly where Scotto's filings are not responsive to Court directives,[5] may be construed as an abuse of the judicial process and may result in the imposition of a filing injunction or other appropriate restrictions on her access to filing, including, but not limited to, prohibiting Scotto from filing documents with the Clerk via email and requiring her to file by mail only. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (holding that federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process").

As this memorandum was being prepared for filing, Plaintiff filed a document termed "Amended Complaint," ECF 6. In substance it is nothing beyond a list of parties, devoid of factual allegations, and as such, is legally deficient on its face. The Amended Complaint will therefore be dismissed as well.

### III.  CONCLUSION

For the foregoing reasons, Scotto's Complaint and Amended Complaint are dismissed without prejudice. If Ms. Scotto wishes to proceed in this matter she is directed to: (1) either pay the $402 filing fee in this matter or file a motion to proceed *in forma pauperis*;[6] **and** (2) file an amended complaint within thirty (30) days. Scotto's pending motions (ECF Nos. 3 and 4) are

---

[5] To be clear, nothing in this Memorandum should be construed to restrict or otherwise limit Scotto's ability to submit the filings she deems necessary to prosecute this action. The Court simply seeks to put Scotto on notice that her filings must comply with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

[6] Scotto may obtain a copy of the Court's current non-prisoner application to proceed *in forma pauperis* on the Court's website at at http://www.paed.uscourts.gov/documents/forms/ifpl.pdf.

denied without prejudice as moot in light of the dismissal of her Complaints.  An appropriate Order follows.

BY THE COURT:

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**
